# EXHIBIT 3

JC-2

Dated: August 31, 1971

Bridgeport Music, Inc.
c/o Janus Record Corp.
1301 Avenue of the Americas
New York, New York 10019

Gentlemen:

The following will confirm in writing our understanding with respect to all musical compositions heretofore written or hereinafter written by George Clinton, alone or in collaboration with others, during a period of five (5) years from the date hereof, which musical compositions are initially recorded by or on behalf of Westbound Records, Inc. (hereinafter referred to as "the Musical Compositions"):

1. We represent and warrant that we shall be the sole owner of the copyrights throughout the world in and to the Musical Compositions; that the Musical Compositions shall be original and shall not infringe upon any other copyrighted work; that we have the full right, power and authority to enter into this agreement; and that we have not heretofore and shall not hereinafter sell, assign or encumber any right or interest in the Musical Compositions.

2. We hereby assign to you an undivided one-half (1/2) interest in all our rights (including the copyrights throughout the world) in and to the Musical Compositions.

3. Subject to the terms and conditions of this agreement, either of us may sell, assign or encumber our respective undivided one-half (1/2) interest in and to the copyrights in the Musical Compositions without first obtaining the written permission of the other, but neither of us may sell, assign or encumber the interest of the other.

4. You will issue or control the issuance of all licenses for the mechanical reproduction, synchronization and publication of the Musical Compositions throughout the world, and for the sub-publication of the Musical Compositions throughout the world, and you shall be entitled to collect (and authorize others to collect) all compensation payable to you and us with respect to such licenses.

5. After deduction of writer royalties, you shall pay to us Fifty Percent (50%) of all income received by you in connection with the Musical Compositions, less only:

    (a) one-half (1/2) of the collection or other fees charged by a collection agent who renders services with respect to the Musical Compositions (provided that such charges shall not be in excess of those customarily imposed on music publishers throughout the industry); and

    (b) one-half (1/2) of the actual costs and expenses of printing, arranging, editing, exploiting and selling printed editions of the Musical Compositions, including but

BOLADIAN00001

not limited to sales agency expenses, as well as one-half (1/2) of the actual costs and expenses incurred in the promotion of phonograph records embodying the Musical Compositions.

6. Public performance rights in the Musical Compositions have been or shall be assigned to and licensed by BMI which society shall be authorized to collect all monies earned from public performances of the Musical Compositions and to pay directly to each of us one-half (1/2) of the share which it customarily allocates to each of us pursuant to our respective agreements with it. You shall immediately upon the signing hereof notify such society of such authorization.

7. Except insofar as the foregoing representations and warranties are concerned, and except with respect to claims brought by or on behalf of the writer(s) of the Musical Compositions (for which we assume sole responsibility), you and we agree to assume joint liability for the defense and satisfaction of any claim brought by third persons with respect to the copyrights in the Musical Compositions or any rights derived therefrom.

8. All sums payable to us by you pursuant to the terms of this agreement shall be accounted for in writing, and paid at the time of accounting, at the same times as you customarily account to authors and composers, but in no event less than twice a year.

9. The term of this agreement for the Musical Compositions co-published hereunder shall be for the copyright term of the Musical Compositions and any renewal (or extended) terms within our control anywhere in the world.

10. This agreement sets forth the entire understanding between you and us, and it shall not be varied except by written document subsequently signed by the party sought to be charged. This agreement shall be interpreted in accordance with the law of the State of New York applicable to agreements wholly to be performed therein.

If the foregoing accurately sets forth your understanding of our agreement, kindly cause this letter to be countersigned where indicated below.

Very truly yours,

MALBIZ MUSIC CO.

By: _____
George Clinton


The foregoing accurately sets
forth our understanding:

BRIDGEPORT MUSIC, INC.

By: _____
Yvonne Taylor

Accepted and Agreed to:

_____
George Clinton

BOLADIAN00002

STATE OF NY    )
             ) SS.:
COUNTY OF NY  )

On the 31 day of August, 1971 before me personally came George Clinton, president of Malbiz Music Co. to me known and known to me to be the individual described in and who executed the foregoing instrument personally and on behalf of Malbiz Music Co. and acknowledged to me that he executed same.

LINDA DIGIOVANNI
Notary Public, State of New York
No. 31-4031710
Qualified in New York County
Commission Expires March 30, 1972

BOLADIAN00003