# EXHIBIT 6



Pensacola Division
Room 129
100 N. Palafox Street
Pensacola, FL 32501-4863
(850)-435-8440 Fax 433-3972

Gainesville Division
Room 243
401 SE First Avenue
Gainesville, FL 32601
(352)380-2400 Fax380-2424

Northern District of Florida
OFFICE OF THE CLERK
Robert A. Mossing, Clerk
110 E. Park Avenue, Room 122
Tallahassee, FL 32301-7795
(850)-942-8826 Fax 942-8830

Counsel of Record

re: evidence/exhibit preparation for trial

Dear Counsel:

Pursuant to pretrial requirements of the U.S. District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of trial exhibits.

General information and minimum requirements

1. Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial. Exhibits will retain the same number as they are listed in the pretrial stipulation throughout court proceedings whether identified, offered or admitted. To avoid confusion, it is preferred that like parties share exhibit numbers. If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name prior to the exhibit number on all exhibit stickers and exhibit lists (for example: Smith-1, Jones-1, etc.).

2. The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment I). Exhibits should be numbered in accordance with the pretrial stipulation. Composite exhibits should have identified subexhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1aa, etc.).

3. After identification of an exhibit at trial, the courtroom deputy clerk will retain custody of the exhibits. The courtroom deputy cannot anticipate the need for exhibits by counsel during examination and cross-examination of witnesses. Counsel should be prepared to ask for exhibits by exhibit number or counsel may request exhibits during breaks between witnesses. Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses. All exhibits that are intended as part of the record should be returned to the courtroom deputy clerk when examination of the witness is completed.

4. The Eleventh Circuit Court of Appeals has established that documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the Clerk of this Court with the record on appeal (see FRAP 11 - 11th Circuit Rules). Oversized exhibits, posters, and nondocumentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests exhibits that are retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta.

The mission of the Office of the Clerk is to provide the highest quality support to the judges and chambers staff of the Northern District of Florida in their role of administering justice to the citizens of this district.

Case 4:99-cv-00242-RH   Document 51   Filed 09/19/00   Page 8 of 10

Recommendations for marking

Some steps in exhibit preparation make the use of exhibits in trial flow faster and more efficiently. The following suggestions are not requirements of the court and may not be practical or economical in some trials.

Three-ring binders. Counsel may find it useful, in situations where voluminous paper exhibits are to be offered, to place the exhibits in three-ring binders with a numbered tab index.

Oversized exhibits and posters. As previously mentioned, any oversized exhibits, non-documentary exhibits and posters will be returned to counsel at conclusion of trial. Counsel should consider filing file size (8.5 x 11") copies of posters and photographs of nondocumentary exhibits if they wish those exhibits considered in any appeal.

Return of exhibits

The Clerk will return all oversized, sensitive and nondocumentary exhibits to counsel at the conclusion of trial. The Clerk will retain and dispose of all other retained exhibits in accordance with Local Rule 5.2 (see Attachment 1). Please note that it is the responsibility of counsel to retrieve exhibits from the clerk upon the decision of this court or, in the event of an appeal, upon the decision of the appeals court.

If you have any questions regarding trial exhibits, please contact the courtroom deputy clerk for the judicial officer assigned to your case.

Sincerely,

ROBERT A. MOSSING, CLERK
by

Valerie J. Rhabum
Courtroom Deputy Clerk

EXHIBITS -089

Case 4:99-cv-00242-RH    Document 51    Filed 09/19/00    Page 9 of 10

Attachment 1

Local Rule 5.2 Exhibits - Disposition

(A) All exhibits offered or received in evidence during any proceeding in this court shall be delivered to the clerk who shall keep them in custody unless otherwise ordered by the court, except:

(1) Sensitive exhibits, such as, but not limited to, illegal drugs, explosives, weapons, currency, articles of high monetary value, exhibits of a pornographic nature, or the like, shall be retained by the submitting law enforcement agency or party who shall then be responsible to the court for maintaining custody and the integrity of such exhibits, and

(2) The clerk may, without special order, permit an official court reporter to retain custody pending preparation of the transcript.

(B) All models, diagrams and exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months after the case is finally decided, unless an appeal is taken. In all cases in which an appeal is taken, all exhibits shall be retrieved within thirty (30) days after the filing and recording of the mandate of the appellate court finally disposing of the case.

(C) If exhibits are not retrieved as required by this rule, the clerk may destroy them or make such other disposition as may be authorized by the court.

Northern District of Florida - Local Rule 5.2

Standard exhibit labels examples

| GOVERNMENT EXHIBIT 1 case number | PLAINTIFF'S EXHIBIT 2 TCA 99-40999-RH | DEFENDANT'S EXHIBIT 3 A 4:99-cv-999-RH |
|---|---|---|
| Government Gold Label | Plaintiff Pink Label | Defendant Blue Label |

Alternate exhibit labels

These larger labels or labels like these may be used as an alternative to the standard labels. These labels are available in limited quantities from the clerk's office and are especially useful in marking posters, binders and other large exhibits.

| Plaintiff's Exhibit # 1 | Defendant's Exhibit # 1 |
|---|---|
| Date (blank - to be filled in at trial)        ID'd | Date (blank - to be filled in at trial)        ID'd |
| Date _____ IN EVID. | Date _____ IN EVID. |
| Case #: TCA 99-40999-MMP | Case #: 4:99-cv-999-MMP |
| Case Style: John Q. Doe | Case Style: John Q. Doe |
| vs. William Z. Smith | vs. William Z. Smith |
| Plaintiff Large Gold Label | Defendant Large Blue Label |

The mission of the Office of the Clerk is to provide the highest quality support to the judges and chambers staff of the Northern District of Florida in their role of administering justice to the citizens of this district

Case 4:99-cv-00242-RH   Document 51   Filed 09/18/00   Page 10 of 10

Attachment 2 - EXAMPLE OF EXHIBIT LIST

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN Q. DOE,
    Plaintiff

v.
                                                   TCA 99-40999-JUDGE
                                                   4:99-cv-999-JUDGE

WILLIAM Z. SMITH and
THE CITY OF GOTHAM,
    Defendants
_____/


### Example Plaintiff's Trial Exhibit List

| Pltf # | Date ID'd | Date Admitted | Witness(es) | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pltf exh 2a - audiotape |
| 3 | | (Stipulated) | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-g | | | | Photos - 4" x 6" of: a - automobile b - tires c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pltf exh 5 |
| 6 | | | | Acme Co. Procedures manual - 1995 |
| 6a | | | | Enlarged excerpt of page 42 from pltf exh 6 |

**EXHIBITS -091**

# EXHIBIT G

STATE OF MICHIGAN
IN THE 39ᵀᴴ JUDICIAL CIRCUIT COURT
COUNTY OF LENAWEE

ARMEN BOLADIAN, et al.,

    Plaintiffs/Counter-Defendants,

        v                                    Case No. 96-7197 CK
                                             Hon. Timothy P. Pickard
GEORGE CLINTON, et al.,

    Defendants/Counter-Plaintiffs,

_____/

FILED
39th CIRCUIT COURT

MAY 1 7 2004

LOU ANN BLUNTSCHLY
LENAWEE CO CLERK ALFILA: N.

Attachment to Declaration

of Jeannine Huber

Exhibit Volume II

**VOLUNTARY CASE: DEBTOR'S PETITION**

United States Bankruptcy Court

FOR THE _____Eastern_____ DISTRICT OF _Michigan–Southern Division_

## ORIGINAL

In re   George Edward Clinton, Jr.

Social Security No. 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                                    Case No. _____84-02629_____

Debtor [Include here all names used by Debtor within last 6 years]

Ray Reynolds Graves

**VOLUNTARY CASE: DEBTOR'S PETITION**

1. Petitioner's post-office address is ___839 Knapp, Brooklyn, Michigan 49230___

County where petitioner resides ___Lenawee___

2. Petitioner has resided [or has had his domicile or has had his principal place of business or has had his principal assets] within this district for the preceding 180 days [or for a longer portion of the preceding 180 days than in any other district].

3. Petitioner is qualified to file this petition and is entitled to the benefits of title 11, United States Code as a voluntary debtor.

[If appropriate] 4. A copy of petitioner's proposed plan, dated_____. is attached [or Petitioner intends to file a plan pursuant to chapter 11 [or chapter 13] of title 11, United States Code].

WHEREFORE, petitioner prays for relief in accordance with chapter 7 [or chapter 11 or chapter 13] of title 11, United States Code.

Signed _____
ROBERT S. HERTZBERG   [or Petitioner]
Address 255 E. Brown St., Ste. 250
Birmingham, Michigan 48011

[Petitioner, sign if not represented by attorney.]

GEORGE EDWARD CLINTON, JR.,   Petitioner
839 Knapp
Brooklyn, Michigan 49230

_____, the petitioner named in the foregoing petition, certify under penalty of perjury that the foregoing is true and correct.

Executed on _____

Signature: _____
                                        Petitioner

EXHIBIT
6

NOTE: This form may be used to commence a voluntary case under chapter 7, 11 or 13 of the Bankruptcy Code. A chapter 9 petition requires other allegations (see 11 U.S.C. § 109(d)) but this form may be adapted for such use. The title of the case, in the caption of the form, should include other names used by the debtor, such as trade names, doing business names, married names and maiden names. This will help enable creditors to identify properly the debtor when notices and orders are transmitted to the creditors. A joint petition, available for an individual and spouse, may be filed under chapter 7, 11 or 13. See 11 U.S.C. § 302. Form No. 2 may be used for this purpose. The unsworn declaration at the end of the petition conforms with Public Law 94-550, 90 Stat. 2534, 28 U.S.C. § 1746, which permits the declaration to be made in the form indicated with the same force and effect as a sworn statement. The form may be adapted for use outside of the United States by adding the words "under the laws of the United States" after the word "perjury".

2

EXHIBITS -094



## LIST OF CREDITORS

| | | |
|---|---|---|
| Armen Boladian<br>24361 Greenfield Rd.<br>Southfield, MI 48075 | Recording<br>Contracts | $600,000.00 |
| Bridgeport Music, Inc,<br>24361 Greenfield Rd.<br>Southfield, MI 48075 | Publishing | 600,000.00 |
| Capitol Records, Inc.<br>1750 N. Vine St.<br>Hollywood, CA 90028 | Recording<br>Contracts | 1,500,000.00 |
| Casablanca Records<br>8335 Sunset Blvd.<br>Los Angeles, CA 90069 | Advances on<br>Royalties | 800,000.00 |
| EMI America Records<br>A Division of Capitol<br>  Records, Inc.<br>6920 Sunset Blvd.<br>Los Angeles, CA 90028 | Recording<br>Contracts | 1,000,000.00 |
| Get Set, Inc.<br>c/o Earle Lambert<br>Attorney at Law<br>10850 Wilshire Blvd.<br>Los Angeles, CA 90024 | Music Set<br>Construction | 200,000.00 |
| Get Set, Inc.<br>650 N. Bronson Ave.<br>Los Angeles, CA 90004 | Music Set<br>Construction | 200,000.00 |
| Larrabee Sound Recording Studio<br>8811 Santa Monica<br>Los Angeles, CA 90069 | Use of Recording<br>Facilities | 40,000.00 |
| Leber, Steve<br>65 W. 55th Street<br>New York, NY 10019 | Managerial<br>Services | 700,000.00 |
| Leber Krebs, Inc.<br>65 W. 55th Street<br>New York, NY 10019 | Managerial<br>Services | 700,000.00 |
| Nine Records, Inc.<br>24361 Greenfield Rd.<br>Southfield, MI 48075 | Recording<br>Contracts | 600,000.00 |

3

**EXHIBITS -095**

| | | |
|---|---|---|
| Polygram Records<br>8335 Sunset Blvd.<br>Los Angeles, CA 90069 | Advances on<br>Royalties | 800,000.00 |
| Rudich, David<br>Attorney at Law<br>9255 Sunset Blvd, Ste. 414<br>Los Angeles, CA 90069 | Legal Service<br>Commissions | 300,000.00 |
| Walters, Norby<br>1650 Broadway<br>New York, NY 10019 | Booking Agency<br>Commissions | 30,000.00 |
| Westbound, Inc.<br>24361 Greenfield Rd.<br>Southfield, MI 48075 | Recording<br>Contracts | 600,000.00 |
| Worrell, Bernard<br>956 Melrose Place<br>Plainfield, NJ 90017 | Royalty<br>Commissions | 150,000.00 |
| IRS<br>Special Procedures<br>477 Michigan Avenue<br>McNamara Building<br>Detroit, MI 48226 | | 13,000.00 |

GEORGE EDWARD CLINTON, JR.

DATED: 7/13/84

EXHIBITS -096

# SCHEDULES OF ASSETS AND LIABILITIES

United States Bankruptcy Court

for the ____EASTERN____                                    District of ____MICHIGAN____

In re    GEORGE EDWARD CLINTON, JR.                                    Case No _____

Debtor (include here all names used by debtor within last six years)

## Schedule A — STATEMENT OF ALL LIABILITIES OF DEBTOR

Schedules A-1, A-2, and A-3 must include all the claims against the debtor or his property as of the date of the filing of the petition by or against him

### Schedule A-1.—Creditors having priority.

| Nature of claim | Name of creditor and complete mailing address including zip code (if unknown, so state) | Specify when claim was incurred and the consideration therefor, when claim is contingent, unliquidated, disputed or subject to setoff evidenced by a judgment, negotiable instrument, or other writing or incurred as partner or joint contractor, so indicated, specify name of any partner or joint contractor on any debt | Indicate if claim is contingent, unliquidated or disputed | Amount of claim |
|---|---|---|---|---|
| a. Wages, salary, and commissions, including vacation severance pay and sick leave pay owing to workmen, servants, clerks or traveling or city salesmen on salary or commission basis, whole or part time, whether or not selling exclusively for the debtor, not exceeding $2,000 to each, earned within 90 days before filing of petition or cessation of business, if earlier (specify date). | | | | $ —0— |
| b. Contributions to employee benefit plans for services rendered within 180 days before filing of petition or cessation of business, if earlier (specify date). | | | | —0— |
| c. Deposits by individuals, not exceeding $900 for each for purchase, lease, or rental of property or services for personal, family, or household use that were not delivered or provided. | | | | —0— |
| d. Taxes owing (itemize by type of tax and taxing authority)<br>(1) To the United States,<br>(2) To any state<br>(3) To any other taxing authority | d. (1) Internal Revenue Service<br>Special Procedures<br>477 Michigan Avenue<br>McNamara Building<br>Detroit, Michigan 48226 | | | 13,000.00<br>—0—<br>—0— |
| | | | Total | $13,000.00 |

FORM A A-1 OCT. 1, 1979

EXHIBITS -097

## Schedule A-2. — Creditors Holding Security

| Description of security and date when obtained by creditor | Specify when claim was incurred and the consideration therefor; when claim is contingent, unliquidated, disputed, subject to setoff, evidenced by a judgment, negotiable instrument, or other writing, or incurred as partner or joint contractor or, so indicate; specify name of any partner or joint contractor on any debt | Indicate if claim is contingent, unliquidated or disputed | Market value | Amount of claim without deduction of value of security |
|---|---|---|---|---|
| None | | | $ ~0~ | $ ~0~ |
| | | Total | ~0~ | ~0~ |

FORM 8 A-2 OCT. 1, 1979

6

## Schedule B. — STATEMENT OF ALL PROPERTY OF DEBTOR

Schedules B-1, B-2, B-3, and B-4 must include all property of the Debtor as of the date of the filing of the petition by or against him.

### Schedule B—1. — Real property.

| Description and location of all real property in which debtor has an interest (including equitable and future interests, interests in estates by the entirety, community property, life estates, leaseholds, and rights and powers exercisable for his own benefit) | Nature of interest (specify all deeds and written instruments relating thereto) | Market value of debtor's interest without deduction for secured claims listed in Schedule A-2 or exemptions claimed in Schedule B-4 |
|---|---|---|
| | | $ |
| 839 Knapp<br>Brooklyn, Michigan 49230 | Property subject to Land Contract Forfeiture | 370,000.00 |

|  |  | Total | $370,000.00 |
|---|---|---|---|

### Schedule B—2. — Personal Property.

| Type of property | Description and location | Market value of debtor's interest without deduction for secured claims listed on Schedule A-2 or exemptions claimed in Schedule B-4 |
|---|---|---|
| | | $ |
| a. Cash on hand | | 20.00 |
| b. Deposits of money with banking institutions, savings and loan associations, credit unions, public utility companies, landlords, and others | | —0— |
| c. Household goods, supplies, and furnishings | All household items were leased | —0— |
| d. Books, pictures, and other art objects; stamp, coin, and other collections, | miscellaneous | 600.00 |
| e. Wearing apparel, jewelry, firearms, sports equipment, and other personal possessions | miscellaneous wearing apparel. | 500.00 |
| f. Automobiles, trucks, trailers, and other vehicles | | —0— |
| g. Boats, motors, and their accessories | | —0— |
| h. Livestock, poultry, and other animals | , 50 chickens, 3 dogs and 2 cats | 150.00 |
| i. Farming supplies and implements | | —0— |
| j. Office equipment, furnishings, and supplies | | —0— |
| k. Machinery, fixtures, equipment, and supplies (other than those listed in items j and l) used in business | | —0— |
| l. Inventory | , miscellaneous records | 100.00 |
| m. Tangible personal property of any other description | | —0— |
| n. Patents, copyrights, franchises, and other general intangibles (specify all documents and writings relating thereto) | | —0— |
| o. Government and corporate bonds and other negotiable and nonnegotiable instruments | | —0— |
| p. Other liquidated debts owing debtor | | —0— |
| q. Contingent and unliquidated claims of every nature, including counterclaims of the debtor (give estimated value of each) | | —0— |
| r. Interests in insurance policies (itemize surrender or refund values of each) | | —0— |
| s. Annuities | | —0— |
| t. Stocks and interest in incorporated and unincorporated companies (itemize separately) | | —0— |
| u. Interests in partnerships | | —0— |
| v. Equitable and future interest, life estates, and rights or power exercisable for the benefit of the debtor (other than those listed in schedule B-1) (specify all written instruments relating thereto) | | —0— |

|  |  | Total | $1,370.00 |
|---|---|---|---|

7

EXHIBITS -099

Schedule B–3 – Property not otherwise scheduled.

| Type of Property | Description and location | Market value of debtor's interest without deduction for secured claims listed in Schedule A-2 or exemption claimed in Schedule B-4 |
|---|---|---|
| a. Property transferred under assignment for benefit of creditors, within 120 days prior to filing di petition [specify date of assignment, name and address of assignee, amount realized therefrom by the assignee, and disposition of proceeds so far as known to debtor] | | $ <br> –0– |
| b. Property of any kind not otherwise scheduled | | –0– |
| | Total | –0– |

☐ Debtor selects the following property as exempt pursuant to 11 U.S.C. § 522(d)  ☐ for the laws of the State of _____

Schedule B–4. – Property claimed as exempt.

| Type of property | Location, description, and, so far as relevant to the claim of exemption, present use of property | Specify statute creating the exemption | Value claimed exempt |
|---|---|---|---|
| | | | $ |
| (1)  Cash on hand | | 11 U.S.C. § 522(d)(5) | 20.00 |
| (2)  Books & pictures | | 11 U.S.C. § 522(d)(3) | 600.00 |
| (3)  Wearing apparel | | 11 U.S.C. § 522(d)(3) | 500.00 |
| (4)  Inventory | | 11 U.S.C. § 522(d)(5) | 100.00 |
| (5)  Animals | | 11 U.S.C. § 522(d)(5) | 150.00 |
| | | Total | $1,370.00 |

FORMS B-3, B-4 OCT. 1, 1979

8

EXHIBITS -100

## SUMMARY OF DEBTS AND PROPERTY

[From the statements of the debtor in schedules A and B]

| Schedule | | Total |
|---|---|---|
| | **DEBTS** | |
| A-1/a, b | Wages, etc. having priority............................................................... | |
| A-1(c) | Deposits of money ........................................................................ | —0— |
| A-1/d(1) | Taxes owing United States ................................................................ | —0— |
| A-1/d(2) | Taxes owing states ...................................................................... | 13,000.00 |
| A-1/d(3) | Taxes owing other taxing authorities ..................................................... | —0— |
| A-2 | Secured claims .......................................................................... | —0— |
| A-3 | Unsecured claims without priority ........................................................ | 3,833,000.00 |
| | Schedule A total | $6,845,000.00 |
| | **PROPERTY** | |
| B-1 | Real property (total value) .............................................................. | 370,000.00 |
| B-2/a | Cash on hand ........................................................................... | 20.00 |
| B-2/b | Deposits .............................................................................. | —0— |
| B-2/c | Household goods ........................................................................ | —0— |
| B-2/d | Books, pictures, and collections ........................................................ | 600.00 |
| B-2/e | Wearing apparel and personal possessions ................................................. | 500.00 |
| B-2/f | Automobiles and other vehicles .......................................................... | —0— |
| B-2/g | Boats, motors, and accessories .......................................................... | —0— |
| B-2/h | Livestock and other animals ............................................................. | 150.00 |
| B-2/i | Farming supplies and implements ......................................................... | —0— |
| B-2/j | Office equipment and supplies ........................................................... | —0— |
| B-2/k | Machinery, equipment, and supplies used in business ...................................... | —0— |
| B-2/l | Inventory ............................................................................. | 100.00 |
| B-2/m | Other tangible personal property ........................................................ | —0— |
| B-2/n | Patents and other general intangibles .................................................... | —0— |
| B-2/o | Bonds and other instruments ............................................................. | —0— |
| B-2/p | Other liquidated debts .................................................................. | —0— |
| B-2/q | Contingent and unliquidated claims ...................................................... | —0— |
| B-2/r | Interests in insurance policies ......................................................... | —0— |
| B-2/s | Annuities ............................................................................. | —0— |
| B-2/t | Interests in corporations and unincorporated companies ................................... | —0— |
| B-2/u | Interests in partnerships ............................................................... | —0— |
| B-2/v | Equitable and future interests, rights, and powers in personalty ......................... | —0— |
| B-3/a | Property assigned for benefit of creditors ............................................... | —0— |
| B-3/b | Property not otherwise scheduled ........................................................ | —0— |
| | Schedule B total | $371,370.00 |

Unsworn Declaration under Penalty of Perjury of Individual to Schedules A and B

I, GEORGE EDWARD CLINTON, JR. _____, certify under penalty of perjury that I have read the foregoing schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on: 7/24/2011    Signature _____

We, _____ and _____, certify under penalty of perjury that we have read the foregoing schedules, consisting of _____ sheets, and that they are true and correct to the best of our knowledge, information, and belief.

Executed on _____    Signature _____

Signature _____

9

**EXHIBITS -101**

## SUMMARY OF DEBTS AND PROPERTY

[From the statements of the debtor in schedules A and B]

|  | Total |
|---|---|
| **DEBTS** | |
| Wages, etc. having priority | –0– |
| Deposits of money | –0– |
| Taxes owing United States | –0– |
| Taxes owing states | 13,000.00 |
| Taxes owing other taxing authorities | –0– |
| Secured claims | –0– |
| Unsecured claims without priority | 8,833,000.00 |
| Schedule A total | $8,846,000.00 |
| **PROPERTY** | |
| Real property (total value) | 370,000.00 |
| Cash on hand | 20.00 |
| Deposits | –0– |
| Household goods | –0– |
| Books, pictures, and collections | 600.00 |
| Wearing apparel and personal possessions | 500.00 |
| Automobiles and other vehicles | –0– |
| Boats, motors, and accessories | –0– |
| Livestock and other animals | 150.00 |
| Farming supplies and implements | –0– |
| Office equipment and supplies | –0– |
| Machinery, equipment, and supplies used in business | –0– |
| Inventory | 100.00 |
| Other tangible personal property | –0– |
| Patents and other general intangibles | –0– |
| Bonds and other instruments | –0– |
| Other liquidated debts | –0– |
| Contingent and unliquidated claims | –0– |
| Interests in insurance policies | –0– |
| Annuities | –0– |
| Interests in corporations and unincorporated companies | –0– |
| Interests in partnerships | –0– |
| Equitable and future interests, rights, and powers in personalty | –0– |
| Property assigned for benefit of creditors | –0– |
| Property not otherwise scheduled | –0– |
| Schedule B total | $371,370.00 |

Unsworn Declaration under Penalty of Perjury of Individual to Schedules A and B

GEORGE EDWARD CLINTON, JR. _____ certify under penalty of perjury that I have read the foregoing schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

uted on ___1/29/84___ Signature _____

, and _____ certify

r penalty of perjury that we have read the foregoing schedules, consisting of ____ sheets, and that they are true and correct to st of our knowledge, information, and belief.

uted on _____ Signature _____

Signature _____

EXHIBITS -102

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In the matter of

GEORGE EDWARD CLINTON   Debtor./          Case No. 84-02629-6

### AFFIDAVIT OF ATTORNEY FOR THE DEBTOR

I am the attorney for the debtor(s) in the above-entitled case. I have on the 6 day of
AUGUST, 1984, in connection with the representation of my client(s), performed the
following, to wit:

a. Advised and fully discussed with my client(s) the grounds for objections to discharge
as set forth in Section 727 of the Bankruptcy Code.

b. Advised and fully discussed with my client(s) the kind of debts which may be non-
dischargeable by virtue of Section 523 of the Bankruptcy Code.

c. Advised and fully discussed with my client(s) the meaning and effect of a discharge,
as set forth in Section 525(a) and 524(b) of the Bankruptcy Code.

d. Advised and discussed with my client(s) redemption of personal property as permitted
by Section 722 of the Bankruptcy Code and the rights accorded to him thereunder.

e. Advised and discussed with my client(s) the meaning and effect of a reaffirmation of
debts as permitted by Section 525(c) of the Bankruptcy Code and the applicable non-
bankruptcy law, particularly the fact that such agreements are not required under the
law and that my client(s) has/have no obligation to reaffirm any debt.

f. I have fully discussed the exemption provisions of the Bankruptcy Code and explained
the options available to my client(s), and the exemptions have been selected in light
of our discussion.

I have also advised and discussed with said client(s) all other matters pertinent to said client(s)
bankruptcy proceeding.

_____
Attorney for the Debtor(s)   (P-P-34705   )

Address: 255 E. BROWN #250
BIRMINGHAM  MI.  48011

Telephone  (313) 540-8282

### WAIVER OF RIGHT TO DISCHARGE HEARING

I understand the Court has scheduled a discharge hearing, at which I have been notified to appear,
to inform me whether a discharge has been granted or the reason why a discharge has not been granted. I
further understand I may waive my right to appear at the discharge hearing. I do understand, however, that
if I have a reaffirmation of a debt, I do have to make a personal appearance on the date previously set therefor

___✓___  I do hereby waive my right to a discharge hearing. I will not appear on
the scheduled date.

_____  I wish to retain my right to a discharge hearing and will appear on the
date previously set.

Debtor: _____

Debtor: _____
                    (if a joint petition was filed)

Please note: This form must be filed with the Bankruptcy Court no later than ten days after the First
Meeting of Creditors.

11

EXHIBITS -103

# STATEMENT OF FINANCIAL AFFAIRS FOR DEBTOR NOT ENGAGED IN BUSINESS

United States Bankruptcy Court

For the _____ EASTERN _____ District of _____ MICHIGAN _____

In re    GEORGE EDWARD CLINTON, JR.

Debtor (Include here all names used by debtor within last six years)    } Case No. 84-02629.

## STATEMENT OF FINANCIAL AFFAIRS FOR DEBTOR NOT ENGAGED IN BUSINESS

(Each question should be answered or the failure to answer explained. If the answer is "none," this should be stated. If additional space is needed for the ans to any question, a separate sheet, properly identified and made a part hereof, should be used and attached.

The term "original petition," as used in the following questions, shall mean the petition filed under Rule 1002, 1003, or 1004.)

1. Name and residence.
   a. What is your full name and social security number?

   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

   b. Have you used, or been known by, any other names within the 6 years immediately preceding the filing of the original petition herein? (If so, give particulars.)

   Funkadelic, P-Funk & Parliament
   839 Knapp
   Brooklyn, Michigan 49230

   c. Where do you now reside?

   Providence Drive
   Southfield, Michigan 48037

   d. Where else have you resided during the 6 years immediately preceding the filing of the original petition herein?

2. Occupation and income.
   a. What is your occupation?

   Entertainer

   b. Where are you now employed? (Give the name and address of your employer, or the address at which you carry on your trade or profession, and the length of time you have been so employed or engaged.)

   Numerous jobs pursuant to singing engagements

   c. Have you been in a partnership with anyone, or engaged in any business during the 6 years immediately preceding the filing of the original petition herein? (If so, give particulars, including names, dates, and places.)

   NO.

   d. What amount of income have you received from your trade or profession during each of the 2 calendar years immediately preceding the filing of the original petition herein?

   1982
   $10,000.00 (approximately)
   1983
   $15,000.00 (approximately)

   e. What amount of income have you received from other sources during each of these 2 years? (Give particulars, including each source, and the amount received therefrom.)

   Advances for recording costs

3. Tax returns and refunds.
   a. Where did you file your federal and state income tax returns for the 2 years immediately preceding the filing of the original petition herein?

   The Debtor has not filed tax returns in the last couple years

   b. What tax refunds (income and other) have you received during the year immediately preceding the filing of the original petition herein?

   None

   c. To what tax refunds (income or other), if any, are you, or may you be, entitled? (Give particulars, including information as to any refund payable jointly to you and your spouse or any other person.)

   None

FORM 7 PAGE 1 OCT. 1, 1979

EXHIBITS -104



accounts and safe deposit boxes.
a. What bank accounts have you maintained, alone or together with any other person, and in your own or any other name within the 2 years immediately preceding the filing of the original petition herein? (Give the name and address of each bank, the name in which the deposit maintained, and the name and address of every other person authorized to make withdrawals from such account.)

None

b. What safe deposit box or boxes or other depository or depositories have you kept or used for your securities, cash, or other valuables within the 2 years immediately preceding the filing of the original petition herein? (Give the name and address of the bank or other depository, the name in which each box or other depository was kept, the name and address of every other person who had the right of access thereto, a brief description of the contents thereof, and, if the box has been surrendered, state when surrendered, or, if transferred, then transferred, and the name and address of the transferee.)

None

Books and records.
a. Have you kept books of account or records relating to your affairs within the 2 years immediately preceding the filing of the original petition herein?

None

b. In whose possession are these books or records? (Give names and addresses.)

N/A

c. If any of these books or records are not available, explain.

N/A

d. Have any books of account or records relating to your affairs been destroyed, lost, or otherwise disposed of within the 2 years immediately preceding the filing of the original petition herein? (If so, give particulars, including date of destruction, loss, or disposition, and reason therefor.)

No

Property held for another person.
What property do you hold for any other person? (Give name and address of each person, and describe the property, or value thereof, and all writings relating thereto.)

None

7. Prior bankruptcy.
What cases under the Bankruptcy Act or title 11, United States Code have previously been brought by or against you? (State the location of the bankruptcy court, the nature and number of each case, the date when it was filed, and whether a discharge was granted or refused, the case was dismissed or a composition, arrangement, or plan was confirmed.)

No

Receiverships, general assignments, and other modes of liquidation.
a. Was any of your property, at the time of the filing of the original petition herein, in the hands of a receiver, trustee, other liquidating agent? (If so, give a brief description of the property, the name and address of the receiver, trustee other agent and, if the agent was appointed in a court proceeding, the name and location of the court, the title and number of the case, and the nature thereof.)

b. Have you made any assignment of your property for the benefit of your creditors, or any general settlement with your creditors, within one year immediately preceding the filing of the original petition herein? (If so, give the name and address of the assignee, and a brief statement of the terms of assignment or settlement.)

Property in hands of third person.
Is any other person holding anything of value in which you have an interest? (Give name and address, location, and description of the property, and circumstances of the holding.)

None

FORM 7 PAGE 2 OCT. 1, 1979

13

EXHIBITS -105

... case is any suit pending at the time of the original petition herein? (If so, give the name and address and the title and nature of the proceed...

...were you a party to any suit terminated within the year immediately preceding the filing of the original petition herein? (If so, give the name and location of the court, the title and nature of the proceeding, and the result.)

d. Has any of your property been attached, garnished, or seized under any legal or equitable process within the year immediately preceding the filing of the original petition herein? (If so, describe the property seized or person garnished, and at whose suit.)

11. Loan repaid.
What repayments on loans in whole or in part have you made during the year immediately preceding the filing of the original petition herein? (Give the name and address of the lender, the amount of the loan and when received, the amounts and dates of payments and, if the lender is a relative or insider, the relationship.)

2. Transfers of property.
a. Have you made any gifts, other than ordinary and usual presents to family members and charitable donations, during the year immediately preceding the filing of the original petition herein? (If so, give names and addresses of donees, and dates, description, and value of gifts.)

b. Have you made any other transfer, absolute or for the purpose of security, or any other disposition, of real or tangible personal property during the year immediately preceding the filing of the original petition herein? (Give a description of the property, dates of transfer or disposition, to whom transferred or how disposed of, and, if the transferee is a relative or insider, the relationship, the consideration, if any, received therefor, and the disposition of such consideration.)

. Repossessions and returns.
Has any property been returned to, or repossessed by, the seller or by a secured party during the year immediately preceding the filing of the original petition herein? (If so, give particulars including the name and address of the party getting the property and its description and value.)

...les.
Have you suffered any losses from fire, theft, or ...ing during the year immediately preceding or since the filing of the original petition herein? (If so, give particulars, including dates, names, and places, and the amounts of money or value and general description of property lost.)

b. Was the loss covered in whole or part by insurance? (If so, give particulars.)

Payments or transfers to attorneys.
a. Have you consulted an attorney during the year immediately preceding or since the filing of original petition herein? (Give date, name, and address.)

b. Have you during the year immediately preceding or since the filing of the original petition herein paid any money or transferred any property to the attorney or to any other person on his behalf? (If so, give particulars, including amount paid or value of property transferred and date of payment or transfer.)

c. Have you, either during the year immediately preceding since the filing of the original petition herein, agreed to pay any money or transfer any property to an attorney at ..., or to any other person on his behalf? (If so, give particulars, including amount and terms of obligation.)

(see attached sheet)

No

No

No

No

N/A

None

None

N/A

HERTZBERG & GOLDEN, P.C.
255 E. Brown St., Ste. 290, Birmingham, MI 480...

(see Fee Disclosure Statement)

GEORGE EDWARD CLINTON, JR. _____ certify under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and that they are true and correct to the best of my knowledge, information, and belief.

Executed _____ 7-27-84 _____                    Debtor _____

*NOTE: See Note to Form No. 1 for discussion of unsworn statement at the end of this form.

We _____ and _____, certify
...r penalty of perjury that we have read the foregoing statement, consisting of _____ sheets, and that they are true and correct to
...st of our knowledge, information, and belief.

Executed on _____                    Debtor _____

                                                        Debtor _____

FORM 7 PAGE 3 OCT. 1, 1979

14

EXHIBITS -106



10.a. (1) UNITED STATES -v- CLINTON
83-CV-6306-AA (Tax Claim)

(2) GET SET, INC. V CLINTON
Los Angeles Superior Court (1981)

(3) LARRABEE SOUND -v- CLINTON
Los Angeles Superior Court (1983)

(4) LEBER & KREBS -v- CLINTON
New York Supreme Court (1980)

(5) DAVID RUDICH -v- CLINTON
Los Angeles Superior Court (1980)

(6) BERNARD WARRELL -v- CLINTON
Los Angeles Superior Court (1984)

(7) ROSE SINACOLA -v- CLINTON
Land Contract Forfeiture
Lenawee County Circuit Court (1984)

EXHIBITS -107