# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE CLINTON, et al.,

      Plaintiffs,

v.                                CASE NO. 4:99cv242-RH

ARMEN BOLADIAN, et al.,

      Defendants.

_____/

**PRETRIAL ORDER**

This order confirms the rulings entered on the record of the pre-trial conference on September 13, 2000. For the reasons set forth at that time,

IT IS ORDERED:

1. Defendants' motion for summary judgment is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.

2. Summary judgment is granted against plaintiff

ENTERED ON DOCKET 9/19 BY M
[Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP]
Copies mailed to: Adams, Stewart, Wilson, Richard, Beaver, Kooman, Della Maria, Silk, SS, VJR, jury

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

00 SEP 19 AM 9:23

FILED

George Clinton on all of his claims.[1] I do not direct the entry of judgment under Federal Rule of Civil Procedure

---

[1] The basis of this ruling was set forth on the record. A brief summary is as follows. All of Mr. Clinton's claims in this lawsuit derive from his having written musical compositions prior to his filing of a bankruptcy petition in 1984; in response to defendants' motion for summary judgment, Mr. Clinton makes no assertion to the contrary. If, as Mr. Clinton claims in this lawsuit, he has any rights in the copyrights on or royalties from those compositions, then at the time he filed the bankruptcy petition he also had rights in those copyrights or to past or future royalties; he makes no claim that he has acquired such rights more recently. In his bankruptcy schedules, however, Mr. Clinton did not list any assets or rights to payment in the past or in the future - whether fixed or contingent and whether based on contract or the copyright laws or anything else - relating to these compositions. Mr. Clinton's bankruptcy schedules asserting he owned no such rights estop him from now claiming the contrary. See, e.g., Chandler v. Samford University, 35 F. Supp. 2d 861 (N.D. Ala. 1999); Scoggins v. Arrow Truck Co., 92 F. Supp. 2d 1372 (S.D. Ga. 2000); Payless Wholesale Distributers, Inc. v. Alberto Culver, 989 F.2d 570 (1st Cir. 1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988), cert. denied, 488 U.S. 967, 109 S. Ct. 495, 102 L. Ed. 2d 532 (1988); In Matter of Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999). Moreover, even if Mr. Clinton owned such assets when he filed his bankruptcy petition, they became the property of the bankruptcy estate and, because unscheduled, have not been abandoned back to Mr. Clinton. See, e.g., United States v. Grant, 971 F.3d 1037 (1st Cir. 1992); Brooks v. Beatty, et al., 25 F.3d 1037 (1st Cir. 1994) (unpublished decision); In re Winburn, 167 B.R. 673 (N.D. Fla. 1993); In re Kottmeier, 240 B.R. 440 (M.D. Fla. 1999).

54(b).

3. The motion for summary judgment is taken under advisement with respect to claims of plaintiff Malbiz Music, Inc. Malbiz may file by not later than Wednesday, September 27, 2000, further materials of the type permitted by Federal Rule of Civil Procedure 56 addressing the issues of (a) whether Mr. Clinton signed the December 1983 agreement purportedly conveying to defendant Bridgeport Music, Inc. all rights in the compositions at issue and royalties therefrom,[2] and (b) the date and manner in which Mr. Clinton assigned to Malbiz any rights in the compositions at issue or royalties. therefrom.[3]

---

[2] The record now includes Mr. Clinton's affidavit that during the bankruptcy proceeding - more than 15 years ago - he told his attorneys he did not sign the agreement. This is not a clear statement, under oath, that he in fact did not sign the agreement. Additional time has been provided Malbiz for the filing of an additional affidavit so indicating, if that is indeed Mr. Clinton's testimony.

[3] Notably absent from the complaint is any clear statement that Mr. Clinton assigned any rights to Malbiz. Defendants have sought summary judgment, correctly noting that, as set forth in footnote 1 above, Mr. Clinton cannot properly claim any interest in the compositions or royalties at issue. Defendants have submitted a 1983 agreement by which Mr. Clinton conveyed all rights in the compositions or

3

4. The remaining issues are severed for separate trials as follows. The issue of liability on Malbiz's complaint will be tried first. Trial of that issue will commence on Tuesday, October 10, 2000, at 9:00 a.m. By agreement of all parties as set forth in the pretrial stipulation, trial will be to the court without a jury.

5. Trial of damages on Malbiz's complaint (if Malbiz prevails on liability) and trial of all issues raised by the counterclaims will take place during the two-week trial period commencing Monday, December 4, 2000.

6. By not later than one week prior to trial, any party planning to introduce deposition testimony at trial

---

royalties to Bridgeport. This is sufficient to place the burden on Malbiz, as the plaintiff and thus the party with the burden of proof regarding its claims, to submit record evidence, of the type described in Rule 56, from which a finder of fact could find that Mr. Clinton validly conveyed rights in the compositions or royalties to Malbiz. Any such conveyance, in order to support Malbiz's claims, would (a) have to predate any valid conveyance by Mr. Clinton to Bridgeport, and (b) have to predate Mr. Clinton's filing of his bankruptcy petition (because, from the date of filing that petition, any such rights owned by Mr. Clinton became the property of the bankruptcy estate and could not be validly conveyed by Mr. Clinton). Summary judgment will be entered against Malbiz unless it submits clear evidence of a valid conveyance of rights to Malbiz.

4

shall notify each other party of the pages and lines of deposition testimony to be introduced.  By not later than two business days before trial, each other party so notified shall notify the party proposing to introduce the deposition testimony of any other parts of the deposition that the other party proposes to have introduced at the same time.  By not later than the day before trial, each party shall notify each other party of any objections the party has to introduction of the proposed deposition testimony identified in accordance with this paragraph.  Nothing in this paragraph affects the use of depositions for impeachment of testifying witnesses.

    7.  Exhibits offered at trial (a) shall be numbered in accordance with the exhibit lists submitted as part of the pre-trial stipulation, or (b) if the court has granted leave to file a revised exhibit list after submission of the pre-trial stipulation, shall be numbered in accordance with the revised exhibit list, or (c) may be numbered in accordance with any more recent exhibit list filed with the consent of all parties.  Exhibits may not be renumbered except as

authorized by this paragraph.

SO ORDERED this _18th_ day of September, 2000.

*Robert Hinkle*

Robert L. Hinkle
United States District Judge



Pensacola Division
Room 129
100 N. Palafox Street
Pensacola, FL 32501-4863
(850)-435-8840 Fax 433-5972

Gainesville Division
Room 243
401 SE First Avenue
Gainesville, FL 32601
(352)380-2400 Fax380-2424

*Northern District of Florida*
OFFICE OF THE CLERK
Robert A. Mossing, Clerk
110 E. Park Avenue, Room 122
Tallahassee, FL 32301-7795
(850)-942-8826 Fax 942-8830

Counsel of Record

re: evidence/exhibit preparation for trial

Dear Counsel;

Pursuant to pretrial requirements of the U.S. District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of trial exhibits.

General information and minimum requirements

1. Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial. Exhibits will retain the same number as they are listed in the pretrial stipulation throughout court proceedings whether identified, offered or admitted. To avoid confusion, it is preferred that like parties share exhibit numbers. If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name prior to the exhibit number on all exhibit stickers and exhibit lists (for example: Smith-1, Jones-1, etc.).

2. The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment 1). Exhibits should be numbered in accordance with the pretrial stipulation. Composite exhibits should have identified subexhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1aa, etc.).

3. After identification of an exhibit at trial, the courtroom deputy clerk will retain custody of the exhibits. The courtroom deputy cannot anticipate the need for exhibits by counsel during examination and cross-examination of witnesses. Counsel should be prepared to ask for exhibits by exhibit number or counsel may request exhibits during breaks between witnesses. Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses. All exhibits that are intended as part of the record should be returned to the courtroom deputy clerk when examination of the witness is completed.

4. The Eleventh Circuit Court of Appeals has established that documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the Clerk of this Court with the record on appeal (see FRAP 11 - 11th Circuit Rules). Oversized exhibits, posters, and nondocumentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests exhibits that are retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta.

## Recommendations for marking

Some steps in exhibit preparation make the use of exhibits in trial flow faster and more efficiently. The following suggestions are not requirements of the court and may not be practical or economical in some trials.

  Three-ring binders. Counsel may find it useful, in situations where voluminous paper exhibits are to be offered, to place the exhibits in three-ring binders with a numbered tab index.

  Oversized exhibits and posters. As previously mentioned, any oversized exhibits, non-documentary exhibits and posters will be returned to counsel at conclusion of trial. Counsel should consider filing file size (8.5 x 11") copies of posters and photographs of nondocumentary exhibits if they wish those exhibits considered in any appeal.

## Return of exhibits

  The Clerk will return all oversized, sensitive and nondocumentary exhibits to counsel at the conclusion of trial. The Clerk will retain and dispose of all other retained exhibits in accordance with Local Rule 5.2 (see Attachment 1). Please note that it is the responsibility of counsel to retrieve exhibits from the clerk upon the decision of this court or, in the event of an appeal, upon the decision of the appeals court.

  If you have any questions regarding trial exhibits, please contact the courtroom deputy clerk for the judicial officer assigned to your case.

Sincerely,

ROBERT A. MOSSING, CLERK
by

Valerie J. Rhaburn
Courtroom Deputy Clerk

Attachment 1

---

Local Rule 5.2 Exhibits - Disposition

(A) All exhibits offered or received in evidence during any proceeding in this court shall be delivered to the clerk who shall keep them in custody unless otherwise ordered by the court, except:
  (1) Sensitive exhibits, such as, but not limited to, illegal drugs, explosives, weapons, currency, articles of high monetary value, exhibits of a pornographic nature, or the like, shall be retained by the submitting law enforcement agency or party who shall then be responsible to the court for maintaining custody and the integrity of such exhibits, and

  (2) The clerk may, without special order, permit an official court reporter to retain custody pending preparation of the transcript.

(B) All models, diagrams and exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months after the case is finally decided, unless an appeal is taken. In all cases in which an appeal is taken, all exhibits shall be retrieved within thirty (30) days after the filing and recording of the mandate of the appellate court finally disposing of the case.

(C) If exhibits are not retrieved as required by this rule, the clerk may destroy them or make such other disposition as may be authorized by the court.

---

Northern District of Florida - Local Rule 5.2

## Standard exhibit labels examples

| GOVERNMENT EXHIBIT 1 | PLAINTIFF'S EXHIBIT 2 | DEFENDANT'S EXHIBIT 3 A |
|---|---|---|
| case number | TCA 99-40999-RH | 4:99-cv-999-RH |
| Government Gold Label | Plaintiff Pink Label | Defendant Blue Label |

## Alternate exhibit labels

These larger labels or labels like them may be used as an alternative to the standard labels. These labels are available in limited quantities from the clerk's office and are especially useful in marking posters, binders and other large exhibits.

Plaintiff's Exhibit # 1

Date (blank - to be filled in at trial)    ID'd

Date _____   IN EVID.

Case #: TCA 99-40999-MMP

Case Style: John Q. Doe

vs. William Z. Smith

Plaintiff Large Gold Label

Defendant's Exhibit # 1

Date (blank - to be filled in at trial)    ID'd

Date _____   IN EVID.

Case #: 4:99-cv-999-MMP

Case Style: John Q. Doe

vs. William Z. Smith

Defendant Large Blue Label

Attachment 2 - EXAMPLE OF EXHIBIT LIST

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN Q. DOE,
    Plaintiff

v.

WILLIAM Z. SMITH and
THE CITY OF GOTHAM,
    Defendants
_____/

TCA 99-40999-JUDGE
4:99-cv-999-JUDGE

## Example Plaintiff's Trial Exhibit List

| Pltf # | Date ID'd | Date Admitted | Witness(es) | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pltf exh 2a - audiotape |
| 3 | | (Stipulated) | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-g | | | | Photos - 4" x 6" of:<br>a - automobile<br>b - tires<br>c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pltf exh 5 |
| 6 | | | | Acme Co. Procedures manual - 1995 |
| 6a | | | | Enlarged excerpt of page 42 from pltf exh 6 |