# EXHIBIT 12

FILED

2013 FEB -6 PM 3: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY (State Bar No. 161647)
JOHN J. LUCAS, ESQ. (State Bar No. 216236)
SHANNON E. PONEK (State Bar No. 261135)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Plaintiff
GEORGE CLINTON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CLINTON, an individual, | Case No. CV-11-10062-R (SH) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | **1. COPYRIGHT INFRINGEMENT** (17.U.S.C. §501) |
| ARMEN BOLADIAN, an individual; WESTBOUND RECORDS, INC., a Michigan corporation; BRIDGEPORT MUSIC, INC.; a Michigan corporation; and DOES 1-10, inclusive, | **2. DECLARATORY JUDGMENT** (28 U.S.C. §2201) |
| Defendants. | **Demand For Jury Trial** |

Plaintiff, George Clinton ("Plaintiff" or "Clinton"), by and through his counsel, alleges as follows:

## PARTIES

1. Plaintiff George Clinton is an individual residing in the State of Florida.

2. Defendant Armen Boladian is an individual residing in the State of Michigan and is Clinton's former business partner.

3. Defendant Westbound Records, Inc. ("Westbound") is a corporation organized under the laws of the State of Michigan and, upon information and belief, is owned solely by Armen Boladian.

4. Defendant Bridgeport Music, Inc. ("Bridgeport") is a corporation organized under the laws of the State of Michigan and, upon information and belief, is owned solely by Armen Boladian.

5. Upon information and belief, Sync2Picture, LLC is a limited liability company organized under the laws of the State of Michigan.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiff and thus, Plaintiff has sued such Doe defendants by such fictitious names. Each of the Doe defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and proximately caused injury and damages to Plaintiff, as alleged herein.

7. At all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in committing the acts described and alleged herein.

## JURISDICTION AND VENUE

8. This is a civil action seeking damages, injunctive relief and other remedies for copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.

9. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et seq. (the Copyright Act), 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright).

10. Venue is proper under 28 U.S.C. §§ 1391(b) in that a substantial part of the events of omissions giving rise to the claims occurred in this district. Furthermore, this Court issued its 2005 Order and Judgment (discussed in more detail below), which forms the basis for this action, in this district, and more specifically, in this Court.

11. The Court has personal jurisdiction over defendants because they regularly solicit and conduct business in the State of California and have committed tortious acts within the State of California. In addition, all but one of the named Defendants has answered Plaintiff's Complaint and thus, have submitted to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

12. Plaintiff George Clinton is a living legend in the music and entertainment industry. He is a singer, songwriter, bandleader, and music producer and was the principal architect of the bands Parliament and Funkadelic during the 1970s and early 1980s, and launched a solo career in 1981. He was one of the foremost innovators of funk music, and was inducted into the Rock and Roll Hall of Fame in 1997.

13. Early in his career, Plaintiff partnered with Defendant Boladian, who, on information and belief, is the owner of both Westbound and Brigeport. In the summer of 1975, Plaintiff was extremely unhappy with Boladian's lack of promotion of Funkadelic and further believed Boladian was accounting to him improperly, so

- 2 -
FIRST AMENDED COMPLAINT

Plaintiff left Westbound after he delivered his last Westbound album, "Tales of Kidd Funkadelic."

14. After leaving Westbound, on July 11, 1975, Clinton negotiated a recording agreement with Warner Bros. Records to release new Funkadelic albums. Pursuant to this agreement, Warner Bros. owned any sound recordings Plaintiff created for Warner Bros.

15. Between 1976 and 1981, Plaintiff created, and Warner Bros. released, the albums "Hardcore Jollies," "One Nation Under a Groove," "Uncle Jam Wants You," and "Electric Spanking of War Babies," (collectively the "Warner Masters") all of which feature many well-known tracks.

16. After various disputes relating to exploitation of the Warner Masters, Plaintiff and Warner Bros. entered into a Settlement Agreement on or about August 18, 1982. Pursuant to the Settlement Agreement, Warner Bros. would relinquish its ownership and control of the Warner Masters to Plaintiff if a third party distributor agreed in writing to pay Warner Bros. a royalty of 5% of net sales of the Warner Masters. The Settlement Agreement further provided that once Warner Bros. received a total of approximately $283,000.00 in royalties, the payments would cease and Plaintiff would own the Warner Masters. Ultimately, this condition was fulfilled.

17. Shortly after Plaintiff and Warner Bros. entered into the Settlement Agreement, Plaintiff filed for bankruptcy in 1984. When he did so, he did not list the Warner Masters as an asset in his bankruptcy papers because he believed in good faith that he did not own the Warner Masters at that time.[1]

18. In 2003, Plaintiff's former business manager, Nene Montes ("Montes"), filed a lawsuit entitled Montes v. Kaplan, Kenegos & Kadin, et al., Case No. 03 CV-8955-R (MCx) in this Court, in which Montes claimed ownership of the Warner

---

[1] This Court confirmed that fact in its 2005 ruling (discussed more fully below).

Masters (the "Prior Action"). The defendants counter-claimed against Montes, also claiming ownership of the Warner Masters, and cross-claimed Clinton and others into the case so this Court could resolve the ownership issue definitively. Clinton filed his own independent claims and also asserted ownership of the Warner Masters.

19. Subsequently, Montes defaulted in the Prior Action, but the remaining parties, including Plaintiff Clinton, maintained their claims against each other. Ultimately, this Court conducted a bench trial in June of 2005.

20. On or about June 20, 2005, this Court entered its Findings of Fact and Conclusions of Law (the "Findings").

21. **Finding of Fact 10** states: "When Clinton filed bankruptcy papers in 1984, he did not list the [Warner] Masters as an asset in his bankruptcy papers because he believed in good faith that he did not own the [Warner] Masters at that time.

22. **Finding of Fact 23** states: "In January, 2001, the federal court in Florida, in an action between Clinton and . . . Boladian . . . determined that Boladian was the owner of certain copyrights in musical compositions written by Clinton, applying the doctrine of estoppel; that action did not involve the [Warner] Masters." (Emphasis added.)

23. **Conclusion of Law 3** states: "Clinton is not estopped from claiming his ownership rights in the [Warner] Masters in this action because of the failure to list the Masters as assets in the 1984 bankruptcy proceedings." (Emphasis added.)

24. **Conclusion of Law 4** states: "Clinton did not assign or license his rights in the [Warner] Masters to Montes, Tercer Mundo or anyone else."

25. **Conclusion of Law 5** states: "As a result of compliance with the override terms of the August, 1982, settlement agreement between Clinton and Warner Bros. . . . Clinton acquired ownership of the [Warner] Masters in 1993."

- 4 -
FIRST AMENDED COMPLAINT

26. **Conclusion of Law 6** states: "Neither Tercer Mundo nor Montes had any rights in the [Warner] Masters to assign or license to anyone from 1981 to the present."

27. **Conclusion of Law 11** states: "The decision in the Florida litigation between Clinton and Boladian is not relevant to this action."

28. **Conclusion of Law 12** states: "Clinton is not judicially estopped from claiming his ownership rights in the Masters in this action by virtue of the holding of the Florida District Court in the litigation between Clinton and Boladian, which dealt only with the ownership of certain copyrights in musical compositions that are not the subject of this action."

29. **Conclusion of Law 13** states: "Clinton is the sole owner of all rights in and to the Masters, and the masters of live performances of said albums, and has been the sole owner of said rights since 1993."

30. On that same day, this Court entered its Order and Judgment based on the Findings (the "2005 Order") in the Prior Action, declaring Clinton to be the sole owner of the Warner Masters. Specifically, this Court ruled that Plaintiff Clinton

> is the sole owner of the master recordings of the albums "Hardcore Jollies," "One Nation under a Groove," "Uncle Jam Wants You," and "Electric Spanking of War Babies," . . . and has been the sole owner of the [Warner] Masters since 1993 . . .

(2005 Order, at 1:11-14 (emphases added).)

31. Therefore, there is no question that Plaintiff owns the Warner Masters, and the sound recordings embodied in the Warner Masters.

32. The 2005 Order was recorded in the United Sates Copyright Office on May 15, 2006, document number V3539D214. That Order was again recorded in the United States Copyright Office on September 13, 2006, document number V3542D883.

33. Plaintiff has never licensed, nor authorized any other person or entity to license on his behalf, the Warner Masters, or any tracks contained therein, to any of the Defendants in this action.

34. Upon information and belief, Boladian and Westbound also had full knowledge of the 2005 Order and Clinton's ownership of the Warner Masters, at least by 2008, when Boladian's business partner, Joel Martin, approached Plaintiff to obtain permission to administer the Warner Masters. Martin attempted to negotiate a business relationship with Clinton to exploit the Warner Masters, but Plaintff refused to consider any business venture with Martin, due to, among other things, his business relationship with Boladian.

35. Upon information and belief, in March of 2010, Martin organized Defendant Sync2Picture, LLC as a Michigan limited liability company for the primary purpose of exploiting sound recordings of Plaintiff and his act, Funkadelic (and for a limited number of other artists), without Plaintiff's knowledge or authorization. Upon information and belief, Sync2Picture does exploit Plaintiff's sound recordings without his authorization.

36. Despite the absence of an agreement from Plaintiff for use of the Warner Masters, upon information and belief, all of the named Defendants (in addition to entities owned or controlled by Boladian) utilized the Warner Masters or authorized others to use the sound recordings. Despite the absence of an agreement from Plaintiff, Defendants produced, manufactured, distributed and sold sound recordings containing the Warner Masters (or authorized others to do so), without accounting to or paying any royalties to Plaintiff. Plaintiff is further informed and believes that Defendants Boladian, Bridgeport and Westbound have utilized the sound recordings from the Warner Masters through, among other things, compilation albums. In addition, Bridgeport's website, http://bridgeportmusicinc.com/, appears to offer dozens of songs from the Warner Masters for license. The site even features clips from commercials in which various of Plaintiff's songs are featured.

# FIRST CLAIM FOR RELIEF

## [Federal Copyright Infringement – 17 U.S.C. § 501]

### (Against All Defendants)

37. Plaintiff hereby incorporates by reference Paragraphs 1 through 36 above as though set forth fully herein.

38. Pursuant to this Court's 2005 Order, Plaintiff is the owner of all right, title and interest in the Warner Masters sound recordings under U.S. copyright law, including the exclusive right to distribute the Warner Masters sound recordings to the public.

39. Defendants have directly, vicariously and/or contributorily infringed and/or induced infringement of Plaintiff's copyrights in the Warner Masters in violation of 17 U.S.C. § 501, et seq.

40. All of Defendants' acts were performed without Plaintiff's permission, license or consent.

41. Defendants' infringement has been willful, intentional and in total disregard of, and with indifference to, Plaintiff's rights by willingly and knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion, unauthorized copies of the Warner Masters.

42. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, pursuant to 17 U.S.C. § 504, Plaintiff is entitled to either disgorgement of profits and recovery of actual damages, or statutory damages. Further, Plaintiff is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

43. The wrongful acts of Defendants have caused, and are continuing to cause, great damage to Plaintiff, which damage cannot be accurately computed, and therefore, unless this Court restrains Defendants from further commission of these acts, Plaintiff will suffer irreparable injury, for which he is without an adequate

1 remedy at law. Accordingly, Plaintiff seeks an order pursuant to 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

44. As a result of Defendants' acts alleged herein, Plaintiff has suffered, is suffering and will continue to suffer, substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of his rights, all of which are not yet fully ascertainable.

## SECOND CLAIM FOR RELIEF

### [Declaratory Relief – 28 U.S.C. § 2201]

### (Against All Defendants)

45. Plaintiff hereby incorporates by reference Paragraphs 1 through 44 above as though set forth fully herein.

46. An actual controversy has arisen as between Plaintiff and Defendants. Plaintiff asserts that he, and not Defendants, is the owner of all rights relating to the copyright interests and/or renewal term copyrights in and to sound recordings comprising the Warner Masters, and that Plaintiff, and not Defendants, has the exclusive rights conferred upon copyright owners under both the applicable 1909 and 1978 versions of the U.S. Copyright Act, 17 U.S.C. §§ 101, et seq, as to the sound recordings prepared, created, and incorporating the performances of Plaintiff, such that Defendants have no past and/or present right(s) to exploit the sound recordings embodied in the Warner Masters.

47. Upon information and belief, Defendants, on the other hand, claim to have rights, including, but not limited to, publishing, composition and sound recording rights, in and to the sound recordings in the Warner Masters.

48. Therefore, a judicial declaration is necessary to determine the rights and obligations of the parties vis-à-vis the Warner Masters.

49. As a result, Plaintiff seeks a declaratory judgment (a) that he is the owner of all rights in and to the Warner Masters, and the sound recordings of live performances of the Warner Masters, and that Plaintiff has been the sole owner of

those rights and of the Warner Masters since 1993; (b) that Plaintiff has the rights conferred upon copyright owners under the U.S. Copyright Act in and to the sound recordings embodied in the Warner Masters, including, without limitation, the right to exploit the sound recordings in the Warner Masters; (c) that none of the Defendants has any ownership interest in the sound recordings in the Warner Masters, or any right to exploit the sound recordings in the Warner Masters; and (d) that any further action by Defendants in derogation of the rights of Plaintiff constitutes willful copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief, as follows:

1. For judgment in favor of Plaintiff and against Defendants;

2. For the entry of an injunction providing that Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling any work that infringes, contributorily infringes, or vicariously infringes Plaintiff's rights in the Warner Masters, and any other copyrighted work of Plaintiff, whether now in existence or later created;

3. For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504(a)(1) and (b);

4. For an accounting of all profits, income, receipts or other benefits derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiff's copyrights pursuant to 17 U.S.C.§§ 504(a)(1) and (b);

5. For disgorgement by Defendants to Plaintiff of all profits derived by Defendants from their acts of copyright infringement and reimbursement to Plaintiff

for all damages suffered by Plaintiff by reason of Defendants' acts, pursuant to 17 U.S.C. §§ 504(a)(1) and (b);

      6.    For statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement pursuant to 17 U.S.C. § 504(c);

      7.    For costs of suit herein, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

      8.    For prejudgment interest; and

      9.    For such other and further relief as the Court deems proper.

Dated: February 6, 2013

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY
JOHN J. LUCAS, ESQ.
SHANNON E. PONEK

By: _____
Daniel A. Rozansky
Attorneys for Plaintiff
GEORGE CLINTON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: February 6, 2013

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY
JOHN J. LUCAS, ESQ.
SHANNON E. PONEK

By: _____
Daniel A. Rozansky
Attorneys for Plaintiff
GEORGE CLINTON

- 11 -
FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On February 6, 2013, I served the foregoing document(s) described as: **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY JUDGMENT and DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Paul H. Duvall, Esq.
KING & BALLOW
6540 Lusk Boulevard, Suite 250
San Diego, California 92121

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered by messenger the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 6, 2013, at Los Angeles, California.

KRISTINE DIANE DEROSA                    _____
[Type or Print Name]                              [Signature]