# EXHIBIT 13

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GEORGE CLINTON, an individual, | ) CASE NO. CV 11-10062-R |
|---|---|
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION TO DISMISS WITH PREJUDICE |
| vs. | ) |
| ARMEN BOLADIAN, an individual; WESTBOUND RECORDS, INC., a Michican corporation; BRIDGEPORT MUSIC, INC.; a Michigan corporation; and DOES 1-10, inclusive, | ) |
| Defendants. | ) |

## I. INTRODUCTION

This action has been pending since December 5, 2011. After several Defendants were dismissed for lack of personal jurisdiction (*see* Docket No. 37), Plaintiff was granted an extension to serve the remaining Defendants (*see* Docket No. 46), and Plaintiff retained new counsel, Plaintiff's initial Complaint was dismissed without prejudice on January 25, 2013 (*see* Docket No. 64).

In his First Amended Complaint, Plaintiff asserts claims for copyright infringement and declaratory relief against Defendants, Boladian, Westbound, Sync2Pictures, and Bridgeport Music, Inc. Defendants allegedly exploited master recordings to which Plaintiff owns a copyright

by virtue of an Order issued by this Court in 2005, in a separate action. Defendants filed a Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim for which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). The Court held a hearing on the Motion to Dismiss and, for the reasons stated on the record, granted Defendants' Motion with prejudice.

## II. THE COURT GRANTS, IN PART, AND DENIES, IN PART, DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2), (3), AND (6), RESPECTIVELY

The Court finds: (1) it has personal jurisdiction over Defendants Boladian, Sync2Picture, and Westbound, but not Bridgeport; (2) venue is proper; (3) Plaintiff failed to state a claim for copyright infringement; (4) Plaintiff failed to state a claim for declaratory relief; and (5) Plaintiff should not be granted leave to amend.

### A. The Court Has Personal Jurisdiction Over Defendants Boladian, Sync2Picture, and Westbound, But Not Bridgeport

As the Court previously indicated (*see* Docket No. 55), Defendants Boladian, Westbound, and Sync2Picture waived defenses based on personal jurisdiction and improper venue by not including these defenses in their first 12(b)(4) motion. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000); Fed. R. Civ. P. 12(h).

Concerning Defendant Bridgeport, Plaintiff claims the Court has personal jurisdiction based on both principles of general jurisdiction and specific jurisdiction. First, Plaintiff argues the Court has general jurisdiction over Bridgeport because it filed prior lawsuits in this Court based on its copyrighted interest in the musical compositions of the songs at issue in this case. *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 837 (9th Cir. 2005). However, a party may only impliedly consent to jurisdiction by bringing a separate action based on the same transaction or arising out of the same nucleus of operative facts. *Id.* As Plaintiff admits, the Defendant's interest in the musical composition is a distinct issue from Plaintiff's interest in the master recordings. Thus, Plaintiff

2

has not established this Court's personal jurisdiction over Bridgeport by general jurisdiction.

Second, Plaintiff argues that finding specific personal jurisdiction is reasonable because this action arises out of Bridgeport's intentional, online sales of music in California. *See Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). However, in dismissing several other Defendants from this action this Court already found that the mere availability of an album to purchasers in California, without more, does not establish that Defendants expressly aimed their conduct at the state of California. Thus, there is no specific personal jurisdiction over Bridgeport in this case.

### B. Venue Is Proper

As to the remaining Plaintiffs, venue is proper. Title 28 U.S.C. § 1391. In addition, Defendants have waived any objection to improper venue by not including the defense in their first 12(b)(4) motion. Fed. R. Civ. P. 12(h).

### C. Plaintiff Failed to State a Claim for Copyright Infringement

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act (the 'Act')." *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011) (noting "Section 106 of the Act grants copyright owners . . . the exclusive right, among others, "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership."); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); Title 17 U.S.C. § 501(a) ( "Anyone who violates any of the exclusive rights of the copyright owner as provided by section[ ] 106 . . . is an infringer of the copyright . . . .").

Copyright claims need not be pled with particularity, and complaints that allege present copyright ownership by the plaintiff, proper registration, and infringement by defendant have been held sufficient. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001); *Marvel Enterprises, Inc. v. NCSoft Corp.*, CV 04-9253RGKPLAX, 2005 WL 878090, at *2 (C.D. Cal. Mar. 9, 2005). Plaintiffs are not required to specify each and every instance of infringement. *Perfect 10*, 167 F. Supp. 2d at 1120; *Marvel Enterprises*, 2005 WL 878090, at *2.

Notwithstanding the minimal pleading requirements to state a claim for copyright

infringement, the Court finds that Plaintiff's Amended Complaint fails to state a plausible claim for relief. Although copyright claims need not be pled with particularity, the Amended Complaint is completely devoid of facts concerning any specific instance of infringement. The sales records provided by Plaintiff as evidence of infringement do not relate – in any manner – to the Defendants named in this action. Similarly, although Plaintiff now purports to have a "Westbound UK" album containing songs derived from Plaintiff's Warner Masters, Plaintiff has not demonstrated how Westbound UK is the same entity as any of the remaining Defendants. Moreover, if, as Plaintiff contends, the Westbound UK albums were offered for sale from 2009 through present, those facts should have been alleged in the initial complaint or first amended complaint. The Court need not consider new facts raised for the first time in response to a motion for sanctions as facts supporting a claim of infringement. (*Compare* Docket No. 81, *with* Docket Nos. 1, 65).

For the foregoing reasons, Plaintiff's First Claim for Copyright Infringement fails to state a plausible claim for relief and is dismissed with prejudice.

### D. Plaintiff Has Failed to State a Claim for Declaratory Relief

"A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir.1996) (citing Title 28 U.S.C. § 2201). Since a declaratory judgment is not a corrective action, it should not be used to remedy past wrongs. *See, e.g., Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1146 (D. Haw. 2011) ("[B]ecause Plaintiffs' claims are based on allegations regarding Defendants' past wrongs, a claim under the Declaratory Relief Act is improper and in essence duplicates Plaintiffs' other causes of action." (citations omitted)); *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) ("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary."). Rather, the "useful purpose served by the declaratory judgment is the clarification of legal duties for the future."

*Amsouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004); *see also Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981) ("[The Declaratory Judgment Act] brings to the present a litigable controversy, which otherwise might only by [sic] tried in the future.").

In Opposition to Defendant's Motion to Dismiss, Plaintiff claims he is only alleging ownership of sound recording and not composition rights of the Warner Masters. Rather than disputing the parties' interests, Plaintiff claims a controversy exists because:

> Plaintiff is the exclusive owner of the sound recording rights in the Warner Masters, and Defendants are using, licensing, or purporting to authorize others to use or license, the sound recordings from the Warner Masters without those rights.

Opposition, p. 23. Fundamentally however, this alleged controversy merely duplicates Plaintiff's Copyright Infringement cause of action and is therefore unnecessary.

For the foregoing reasons, Plaintiff's Second Claim for Declaratory Judgment fails to state a plausible claim for relief and is dismissed with prejudice.

### E. Plaintiff Should Not Be Granted Leave to Amend

"A district court can deny leave 'where the amendment would be futile ... or where the amended complaint would be subject to dismissal.'" *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (quoting *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir.1991)); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998); *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). The court's discretion in deciding whether to dismiss without leave to amend 'is particularly broad' when the plaintiff previously has been granted leave to amend. *Id.* (quoting *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000)). "Leave to amend is usually denied only when there are no facts in dispute and the issue is whether there is liability as a matter of law." *Id.* (citing *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir.1988)). "Nevertheless, repeated failure to cure deficient pleadings also provides grounds to deny leave to amend." *Id.* (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990)).

The Court has already given Plaintiff an opportunity to cure the deficiencies of his initial

Complaint. The Amended Complaint fares no better, and in fact contains less factual allegations in support of Plaintiff's claims. Consequently, Plaintiff's Amended Complaint is dismissed with prejudice.

Dated: May 2, 2013.

                                        MANUEL L. REAL
                            UNITED STATES DISTRICT JUDGE