# EXHIBIT 14

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |
_____/

## DEFENDANT THANG, INC.'S AND CLINTON'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P 56

Defendant Thang, Inc. and Clinton through their attorneys, Schenk & Bruetsch, PLC, move this Honorable Court pursuant to FED.R.CIV.P 56 and for their motion rely upon the accompanying brief.

Respectfully submitted:
SCHENK & BRUETSCH PLC

By: /s/ James P. Allen, Sr.
Peter E. Doyle (P81815)
James P. Allen, Sr. (P52885)
211 W. Fort Street, Suite 1410
Detroit, MI 48226
(313) 774-1000
james.allen@sbdetroit.com
peter.doyle@sbdetroit.com
*Attorneys for Defendants*
March 26, 202

1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD WORRELL, JR.,

    Plaintiff,

v.

THANG, INC., and GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009

District Judge F. Kay Behm

Magistrate Judge David R. Grand

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, THANG, INC. and GEORGE CLINTON, through their attorneys, SCHENK & BRUETSCH, PLC, by JAMES P. ALLEN, SR. and for their BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMERY JUDGMENT, states the following:

and demands whatsoever, in law or equity, which the Worrell Parties ever had, now has or hereafter can, shall or may have for, against the Westbound Parties, upon or by reason of any matter, cause or thing whatsoever, *from the beginning of the world through the date of this Agreement.* (Emphasis supplied.)

Westbound provided a similar release to Plaintiffs with one very significant exception. Westbound specifically carved out an exception in paragraph 2(d)(ii) that made clear that Clinton and Thang were not to be included among the Parties affiliated with Plaintiff that Westbound released. The parties included no parallel carve out excluding Defendants from parties released by Plaintiff. The Agreement included other exclusions from the release language involving publishing copyrights for the musical compositions or their ability to enforce the agreement. Clearly, then, the parties to the release knew how to include and exclude specific claims and parties from their release. By virtue of his indisputable employment reflected on contracts signed by Westbound's owner in February and March 1974, Clinton is a released party as the release applies to "all" Westbound employees for "*any* matter, cause or thing whatsoever from the beginning of the world through the date of this Agreement." The language does not apply to any specific category of Westbound employees like "current" or "hourly" or "salaried" or "executive." Rather, the word "all" is used, which necessarily includes past as well as current employees, a fact underlined by the application of the release to acts extending to "the beginning of the world." There is no equivocation in the language the Parties consciously chose.

38