# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE CLINTON, et al.,

    Plaintiffs,

v.                               CASE NO. 4:99cv242-RH

ARMEN BOLADIAN, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO VACATE JUDGMENT

Before the court is a motion to vacate, on the grounds of fraud, a judgment entered after a bench trial. I deny the motion.

The underlying contest is over the rights to certain songs written by George Clinton. The competing claimants are plaintiff Malbiz Music, Inc., a corporation originally formed by Mr. Clinton, on the one hand, and defendant

Entered on docket 12/5 by [initials]
(Rules 58 & 79(a) FRCP or 32(d) (1) & 55 FRCRP)
Copies sent to: Adams, Stewart, Wilson, Conway, Richard, Bielby, Korman, Della Maria, — 96 — Silk

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

01 DEC -4 PM 4:21

FILED

Bridgeport Music, Inc., an unrelated corporation that claims it took all rights in the songs by virtue of an assignment executed by Mr. Clinton on behalf of Malbiz. The assignment was included in a document entitled "Addendum," which modified a contract entered on March 4, 1982. The "Addendum" was explicitly made effective as of March 4, 1982, but it was in fact executed on December 2, 1983. After a non-jury trial, I ruled in favor of Bridgeport, finding that the "Addendum" was duly signed by Mr. Clinton within the course and scope of his authority for Malbiz, and that Malbiz thus had effectively assigned all its rights in the songs.[1]

---

[1] Mr. Clinton joined the complaint in this action as a plaintiff, claiming ownership of the songs as their writer. I granted summary judgment against Mr. Clinton on the grounds that he had filed a bankruptcy petition after writing the songs, had failed to schedule the songs, and apparently had asserted in the bankruptcy proceeding that (or at least had not opposed the assertion that) all rights in the songs had been transferred to Malbiz. This precluded Mr. Clinton from asserting in this litigation that, when he filed the bankruptcy petition, he owned the songs. By the time of trial, Mr. Clinton apparently no longer claimed that he owned the songs, asserting instead that, prior to the filing of his bankruptcy petition, he had assigned all his rights to Malbiz.

Case No: 4:99cv242-RH

Case 4:99-cv-00242-WRH-WCS Document 637-8 Filed 10/07/13 Page 4 of 7
Case 4:99-cv-00242-RH Document 637-8 Filed 10/07/13 Page 4 of 7

Page 3 of 6

Judgment was entered on February 26, 2001. Malbiz filed a notice of appeal but failed to file a brief. On May 14, 2001, the United States Court of Appeals for the Eleventh Circuit issued its mandate dismissing the appeal for failure to prosecute. The litigation was over.

On October 31, 2001, Malbiz moved to vacate the judgment. In support of the motion, Malbiz essentially rehashed the merits, now adding additional factual assertions. The new assertions were based primarily on sources that could easily have been located prior to trial; thus, for example, Malbiz cited extensive materials from earlier litigation in California and New York. Malbiz also said it had conducted additional interviews, all apparently with witnesses who were known and could easily have been interviewed prior to trial.

In order to support a motion for a new trial based on newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the

new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. See Scutieri v. Page, 808 F.2d 785, 793 (11th Cir. 1987). Malbiz cannot meet this test, primarily because Malbiz's "new" evidence is not new at all, the evidence could have been found with reasonable diligence prior to trial, and the evidence if presented probably would not have changed the result. See, e.g., Johnson Waste Materials v. Marshall, 611 F.2d 593, 598 (5th Cir. 1980) (finding evidence that was "newly produced" after a more complete search following trial was not "newly found"). Presumably recognizing its inability to meet this test, Malbiz makes no claim under Rule 60(b)(2).

Malbiz asserts, however, that Bridgeport committed fraud at the trial, and Malbiz thus seeks to vacate the judgment under Federal Rule of Civil Procedure 60(b)(3).

A party seeking relief from a judgment under Rule 60(b)(3) based on fraud must establish by clear and convincing evidence (1) that the adverse party engaged in

fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting its case. See Montgomery v. Hall, 592 F.2d 278, 278-79 (5th Cir. 1979); First Nat'l Life Ins. Co. v. California Pacific Life Ins. Co., 876 F.2d 877, 882 (11th Cir. 1989). Malbiz has not made either required showing.

Malbiz supports its fraud assertion partly by quoting testimony out of context, and partly by attacking Bridgeport's handling of the March 4, 1982 contract. The issue at trial, however, was the validity of the "Addendum" executed on December 2, 1983. Malbiz asserts that Mr. Clinton did not sign the "Addendum" and that the document is phony. But that is precisely the issue that Malbiz tried and lost at the original trial. Malbiz has provided no evidence that Bridgeport committed fraud in the trial of that issue.

Malbiz had a full and fair opportunity to litigate this case - and specifically the issue of whether the "Addendum" was a valid document duly signed by Mr. Clinton - at the original trial. The evidence on which Malbiz now relies was

Case 4:99-cv-00242-RH-WCS Document 637-8 Filed 12/05/13 Page 6 of 7
Case 4:99-cv-00242-RH Document 96 Filed 12/07/01 Page 6 of 6

Page 6 of 6

available at that time, or would have been available with reasonable diligence. Malbiz lost not because any witness for Bridgeport committed perjury, and not because anybody committed fraud on this court. Instead, Malbiz lost because, after a full and fair trial at which both sides were represented by counsel and had an opportunity to present their best case, the evidence supported Bridgeport. Malbiz is not entitled to a second bite at the apple.

For these reasons,

IT IS ORDERED:

The motion of plaintiff Malbiz Music, Inc. (document 88) to vacate the judgment is DENIED.

SO ORDERED this 4th day of December, 2001.

*/s/ Robert Hinkle*
Robert L. Hinkle
United States District Judge