# EXHIBIT 7

Case 4:99-cv-00242-RH Document 1037-9 Filed 07/03/25 Page 2 of 9
Case 2:09-cv-10082-AJF Document 127-9 Filed 10/02/25 Page 28 of 9

Page 1 of 8

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GEORGE CLINTON, et al.,

       Plaintiffs,

v.                                  CASE NO. 4:99cv242-RH

ARMEN BOLADIAN, et al.,

       Defendants.

_____/


**ORDER TO SHOW CAUSE WHY RULE 11 SANCTIONS**
**SHOULD NOT BE IMPOSED**


On October 31, 2001, attorney Janet M. Conway, on behalf of plaintiff Malbiz Music, Inc., filed a memorandum in support of a motion to set aside the judgment in this matter based on fraud. The memorandum included the following statement:

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

02 JAN 10 PM 4:39

Entered on docket 1/11/02 by KB
(Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCrP)
Copies sent to: vjr, Adams, Stewart,
Wilson, Conway, Richard,
Bielby, Norman, Dellamaria,
Spike

-102-

FILED

> These facts also show that, in furtherance of that fraud, Boladian committed perjury before this Court and *that his attorneys, who knew or should have known that that testimony was perjured, sat idly by and failed to fulfill their ethical responsibilities of candor to the Court.*

Memorandum of October 31, 2001 (document 89) at 3 (emphasis added). The lead attorney for defendants at trial was Barry Richard.

After giving the required 21-day notice and opportunity to cure, see Fed. R. Civ. P. 11(c)(1)(A), defendants filed a motion for issuance of an order to show cause why sanctions should not be imposed against Ms. Conway under Federal Rule of Civil Procedure 11. The basis of the motion for Rule 11 sanctions was that Ms. Conway allegedly had no basis for the assertion that Mr. Richard "knew or should have known" that perjured testimony was being presented and "sat idly by and failed to fulfill [his] ethical responsibilities of candor to the Court." According to the motion, Ms. Conway refused, during the 21-day period after notice, to withdraw the reference to misconduct by Mr. Richard.

Malbiz's motion to vacate the judgment based on fraud

has been denied by separate order; Malbiz has made no showing of fraud on the court by anyone. But even if there had been such fraud by defendants, or by one of their attorneys, that would not support an allegation of fraud specifically against another attorney. Defendants have not sought Rule 11 sanctions based on the assertion that defendants committed fraud; although unfounded, that assertion was within the wide berth properly afforded a zealous advocate. Nor have defendants sought Rule 11 sanctions based on the assertion their other attorney knew or should have known of the fraud; he had represented defendants in connection with at least some of the underlying events. Defendants seek Rule 11 sanctions based only on the assertion that Mr. Richard - an attorney apparently hired only for this litigation without prior connection with defendants - knew or should have known of such fraud.

All litigants, even criminal defendants charged with (and guilty of) the most heinous crimes, are entitled to legal representation. Attorneys have an obligation to

accept even unpopular clients. It simply is not appropriate to attack an attorney's professional ethics for no reason other than his or her representation of an allegedly unscrupulous client. The attorney must act ethically, and the representation must comport with the highest professional standards, but when those strictures are met, the attorney ought not be branded with the sins of the client.

In response to the motion for an order to show cause, Ms. Conway has clearly stood by, not withdrawn, the assertion of misconduct by Mr. Richard, now specifically naming him as an attorney she contends participated in fraud. (Document 101.)[1]

---

[1] Ms. Conway asserts Mr. Richard "should have known something was suspect with his client" but gives no meaningful support for the assertion. Memorandum in Opposition to Motion for Order to Show Cause (document 101) at 5. Ms. Conway says Mr. Richard "knew or *should have known*" of prior litigations but makes no connection between that knowledge and the assertion of fraud on this court. Id. (emphasis in original). Ms. Conway says another attorney had additional knowledge and says, "Surely there were conversations between co-counsel regarding prior testimony and rulings." Id. Even if true, this again lacks any apparent connection to the assertion of fraud on this court.

Case 4:99-cv-00242-RH Document 1037-9 Filed 11/07/25 Page 6 of 9
Case 4:99-cv-00242-MJF Document 1027 Filed 10/03/25 Page 5 of 8

Page 5 of 8

Rule 11 sanctions ought not lightly be sought or imposed. But neither should allegations of professional misconduct lightly be leveled against opposing counsel. In her response to the motion for Rule 11 sanctions, Ms. Conway has cited insufficient support for any assertion of misconduct by Mr. Richard. So that the Rule 11 issues may be fully heard and properly resolved, a hearing will be scheduled, at which either side will have the opportunity to present evidence solely on the issue of whether Rule 11 sanctions should be imposed and, if so, what those sanctions should be.

Whether Mr. Richard did or did not know of or participate in any alleged misconduct was not an issue of significance on the underlying motion to vacate the judgment in this action. Fraud by a client, or by one of the client's two attorneys, provides just as much basis for vacating a judgment, whether or not the second attorney knew of or participated in the fraud. The assertion of misconduct by Mr. Richard thus apparently was an unnecessary - as well as, according to defendants, unsupported - attack

Case 4:99-cv-00242-WS-WCS Document 1037-9 Filed 01/07/03 Page 6 of 8
Case 1:24-cv-10082-RMJF Document 27-9 Filed 10/03/25 Page 7 of 9

Page 6 of 8

on opposing counsel.

The 1993 amendments to Rule 11 requiring 21 days advance notice prior to the filing of any Rule 11 motion were designed in part to deal with cases precisely of this type. Under Rule 11, an attorney should "stop and think" before making unsupported allegations. If such allegations are made, the attorney has 21 days to withdraw the allegations - that is, to cure the violation - before a motion may be filed for Rule 11 sanctions. This procedure is designed to avoid the needless devotion of judicial resources to rhetorical excesses that, on further reflection, could more appropriately be avoided, and to avoid unnecessary litigation over sanctions that too often simply increases combativeness among counsel.

In the case at bar, the allegations at issue were not withdrawn during the 21-day period. Because this appears to be precisely the type of case that the 1993 amendments were intended to address, Ms. Conway will be afforded a further opportunity to cure by explicitly renouncing any assertion of misconduct by Mr. Richard.

*Case No: 4:99cv242-RH*

The hearing will be canceled and no sanctions imposed if, at least one week prior to the scheduled hearing, Ms. Conway files an unequivocal statement that she had no basis for alleging, and now makes no assertion of, misconduct by Mr. Richard. But if, considering the high standards of professionalism expected in this court, Ms. Conway believes there was and is a basis for her assertions, she of course will be free so to assert, and the Rule 11 issues will be considered *de novo* at the show cause hearing.

For these reasons,

IT IS ORDERED:

1. Attorney Janet M. Conway shall show cause at 11:00 a.m. on February 14, 2002, in Courtroom 5 East, United States Courthouse, 111 N. Adams St., Tallahassee, Florida, why sanctions should not be imposed against her under Federal Rule of Civil Procedure 11, based on the lack of basis for inclusion of defendants' attorney Barry Richard within the description of persons referred to in the following statement as filed with this court:

> These facts also show that, in furtherance of that fraud, Boladian committed perjury before this Court and *that his attorneys, who knew or should have known that that testimony was perjured, sat idly by and failed to fulfill their ethical responsibilities of candor to the Court.*

Memorandum of October 31, 2001 (document 89) at 3 (emphasis added). Ms. Conway shall attend the hearing in person.

2. The hearing will be canceled and no sanctions imposed if, by not later than February 7, 2002, Ms. Conway files and serves an unequivocal statement that she had no basis for alleging, and now makes no assertion of, misconduct by Mr. Richard.

SO ORDERED this 10th day of January, 2002.

*/s/ Robert L. Hinkle*
Robert L. Hinkle
United States District Judge